989 F.2d 500
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Edward NAPIOR, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-2148.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1993.
 
 Before MERRITT, Chief Judge, and NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Robert Edward Napior (petitioner) and Steven Tonkovich were arrested on August 12, 1988, for growing marijuana. They retained Charles A. Murphy as counsel. Only Tonkovich and Murphy were present at an initial hearing on September 14 because petitioner was being hospitalized in an alcohol treatment program. At that hearing, Tonkovich agreed to cooperate with the government. The magistrate judge entered a plea of not guilty for the petitioner when he appeared on September 21. Murphy at that time advised the court that because of a conflict of interest petitioner had made arrangements to obtain a new attorney. Kenneth G. McIntyre entered an appearance as counsel for petitioner on October 13.
 
 
 3
 On April 24, 1989, Napior plead guilty to manufacturing and possessing marijuana and was sentenced to seventy-four months incarceration plus four years supervised release. The decision was affirmed on appeal.
 
 
 4
 A 28 U.S.C. § 2255 motion for relief was filed by petitioner. He alleged that his guilty plea was invalid because of a conflict of interest and the ineffective assistance of his original counsel in negotiating a plea agreement for the co-defendant. The district court determined that petitioner met his burden of showing a conflict of interest but that he failed to show that Murphy's conflict of interest adversely affected the subsequent guilty plea entered when petitioner was represented by McIntyre. At the time the guilty plea was entered, petitioner was aware of his co-defendant's cooperation. He had no constitutional right to prevent his co-defendant from cooperating with the government and the effective assistance of his new counsel cured any problem that existed by reason of Murphy's joint representation. The district court dismissed the § 2255 motion and petitioner timely appealed.
 
 
 5
 On appeal, petitioner specifically states that he is not arguing that his decision to plead guilty was involuntary but rather that he lost the opportunity to negotiate a plea bargain because of his attorney's conflict of interest. He argues that he could have offered his cooperation before, at the same time or immediately after Tonkovich, but that the actions by Murphy resulted in his proceeding to trial and eventually being left with no viable choice except to plead guilty.
 
 
 6
 The district court granted the government's motion for summary dismissal under Rule 4(b), Rules Governing § 2255 Cases. That rule provides that if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for the case's summary dismissal. In this case, the only issue concerns a conflict of interest by counsel. To be entitled to relief, the petitioner must show: 1) an actual conflict of interest, and 2) an adverse impact of the conflict on the voluntary nature of the petitioner's guilty plea. Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987).
 
 
 7
 Petitioner argues that he should have been allowed to plead guilty and enter into a plea agreement. Petitioner's argument fails to rise to the level of a constitutional defect. Summary dismissal appears to have been appropriate for the reasons stated by the district court.
 
 
 8
 It is ORDERED that the district court's order be, and it hereby is, affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.